# Exhibit B

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 10/8/2025 9:30 AM

12-Person Jury

FILED
8/13/2025 9:15 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L010250
Calendar, R
34007228

FILED DATE: 8/13/2025 9:15 PM   2025L010250

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT LAW DIVISION

KANG SEUNG YANG,
Special Administrator of the
Estate of LEE YUN CHAE,
deceased,

        Plaintiff

        v

THE BOEING CO.,
a corporation,

        Defendant

## COMPLAINT

Plaintiff KANG SEUNG YANG, as Special Administrator of the Estate of LEE YUN CHAE, deceased, through her undersigned attorneys, for her Complaint against the defendant THE BOEING CO., a corporation, states as follows:

### COUNT I

### WRONGFUL DEATH STRICT PRODUCT LIABILITY

1. Plaintiff Kang Seung Yang is a citizen and resident of South Korea. Plaintiff has been appointed Special Administrator of the Estate of Lee Yun Chae, deceased, by Order of this Court.

2. Plaintiff's decedent, Lee Yun Chae, was a citizen and resident of South Korea.

3. Defendant The Boeing Co. ("Boeing") is a citizen and resident of the United States. It is a corporation organized under the laws of the United States and has its principal place of business in the United States.

4. Defendant Boeing does business in this State sufficient to subject it to the jurisdiction of this Court.

5. On a date in 2009, defendant Boeing designed, manufactured, assembled, marketed and sold a certain 737-800 aircraft, serial number 37541/3012, registration HL 8088 ("the accident aircraft.")

6. At the time the accident aircraft left the possession, custody and control of defendant Boeing, it was defective and unreasonably dangerous in one or more of the following respects:

    (a) the engines were subject to a double failure;

    (b) the electrical system was subject to failure:

    (c) the hydraulic system was subject to failure;

    (d) the landing gear was subject to becoming inoperable;

    (e) the brakes, autobrakes, thrust reversers, flaps and spoilers were subject to failure;

    (f) the auxiliary power unit (APU) was subject to failure;

    (g) the generators were subject to failure;

    (h) the accident aircraft lacked adequate redundant systems in the event of a failure of the electric and/or hydraulic systems, landing gear, brakes, autobrakes, thrust reversers, flaps, spoilers, APU and generators;

    (i ) the accident aircraft lacked a Ram Air Turbine (RAM) emergency power system to provide emergency electrical power in the event of a loss of power,

    (j) there was inadequate aural or other warnings of a failure of the above systems;

    (k) the manuals and other material provided to the operator failed to provide proper and adequate instruction as to the actions to be taken in the event of a failure of one or more of the above systems.

7. The above-stated defects were present in the accident aircraft at all times continuously from the date of its design, manufacture, assembly, marketing and sale until December 29, 2024.

8. On January 7, 2021, defendant Boeing entered into a Deferred Prosecution Agreement (DPA) with the U.S. Department of Justice (DOJ) to resolve a criminal charge regarding defendant Boeing's conspiracy to defraud the Federal Aviation Administration's Aircraft Evaluation Group (AEG) in connection with the AEG's evaluation of defendant Boeing's 737 MAX airplane.

9. On January 5, 2024, just days before the DPA was to expire, a Boeing 737-MAX 9 aircraft, being operated by Alaska Airlines, suffered a loss of its left mid exit door, due to multiple system failures in the aircraft designed, manufactured and sold by defendant Boeing.

10. The DOJ determined that defendant Boeing had breached the DPA by failing to sufficiently design, implement and enforce a compliance and ethics program, including failing to sufficiently integrate its ethics and compliance program with its safety and quality program as necessary to prevent and detect violations of U.S. fraud laws throughout its operations.

11. The DOJ then reinstated its criminal prosecution of defendant Boeing and, on May 29, 2025, entered into a Non Prosecution Agreement with defendant Boeing pursuant to which defendant Boeing agreed, among other agreements, to pay a monetary criminal penalty, pay compensation to families of victims of the MAX 8 crashes in Indonesia and Ethiopia, and appoint an Independent Compliance Consultant to assess defendant Boeing's progress regarding its remediation and implementation of the compliance measures.

11. Upon information and belief, the crash of Jeju Air flight 7C 2216 discussed below may arise from a violation by defendant Boeing of the NPA.

12. On December 29, 2024, the accident aircraft was being operated by Jeju Air as flight 7C 2216 from Suvarnabhumi airport near Bangkok, Thailand to Muan International Airport in Muan County, South Korea.

FILED DATE: 8/13/2025 9:15 PM   2025L010250

13. On said date and time, while attempting to land on runway 1, the accident aircraft suffered a failure of one or both engines and the flight crew of the accident aircraft attempted to perform a go around to land in the opposite direction on runway 19.

14. While attempting to land on runway 19 and as the direct and proximate result of one or more of the unreasonably dangerous defects in the accident aircraft, both engines suffered a failure; the electrical and hydraulic systems, APU and generators suffered failures; the landing gear of the accident aircraft failed to deploy; no aural or other warning was given as to the failure of the landing gear to deploy; the brakes, autobrakes, thrust reversers, flaps, and spoilers failed to adequately slow the speed of the aircraft; and the rudder of the accident aircraft became inoperable, such that the flight crew was unable to turn the accident aircraft.

15. As a further direct and proximate result of one or more of the above-stated defects in the accident aircraft, the accident aircraft landed with its landing gear up and speed control systems and rudder inoperable and the accident aircraft was unable to stop or turn and violently crashed into an obstacle at the end of the runway and exploded, killing 179 persons on board, including plaintiff's decedent.

16. Plaintiff's decedent left surviving heirs, including plaintiff, for whose benefit this action is brought.

17. Plaintiff and the other heirs of the decedent have suffered a loss of support, loss of net accumulations, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the death of plaintiff's decedent.

WHEREFORE, plaintiff Kang Seung Yang, Special Administrator of the Estate of Lee Yun Chae, through her undersigned counsel, prays for the entry of a judgment in her favor and against defendant The Boeing Co. for an amount in excess of Seventy-Five Thousand Dollars

($75,000), together with costs and such other damages as may be allowed by law.

## COUNT II

## WRONGFUL DEATH NEGLIGENCE

1-5. As paragraphs 1-5 of Count II, plaintiff realleges paragraphs 1-5 of Count I.

6. On the aforesaid date and at all times relevant hereto, defendant Boeing owed a duty to plaintiff and the other heirs of plaintiff's decedent to use reasonable care in the design, manufacture, assembly, marketing and sale of the accident aircraft so as not to cause injury to, and the death of, plaintiff's decedent.

7. Defendant Boeing breached its duty owed to plaintiff and the other heirs of plaintiff's decedent through one or more of the following negligent acts and omissions:

> (a) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that the engines were subject to a double failure;
>
> (b) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that the electrical system was subject to failure:
>
> (c) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that the hydraulic system was subject to failure;
>
> (d) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that the landing gear was subject to becoming inoperable;
>
> (e) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that the brakes, autobrakes, thrust reversers, flaps and spoilers were subject to failure;
>
> (f) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that the auxiliary power unit (APU) was subject to failure;
>
> (g) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that the generators were

FILED DATE: 8/13/2025 9:15 PM   2025L010250

    subject to failure;

    (h) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that the accident aircraft lacked adequate redundant systems in the event of a failure of the electric and/or hydraulic systems, landing gear, brakes, autobrakes, thrust reversers, flaps, spoilers, APU and generators;

    (i) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that the accident aircraft lacked a Ram Air Turbine (RAM) emergency power system to provide emergency electrical power in the event of a loss of power,

    (j) negligently designed, manufactured, assembled, marketed and sold the accident aircraft such that there was inadequate aural or other warning of a failure of the above systems;

    (k) negligently prepared the manuals and other material provided to the operator of the accident aircraft in that the manuals and other material failed to provide proper and adequate instruction as to the actions to be taken in the event of a failure of one or more of the above systems.

    (l) negligently failed to warn plaintiff's decedent and plaintiff and the other heirs of the decedent of the aforesaid defects in the accident aircraft.

8. On January 7, 2021, defendant Boeing entered into a Deferred Prosecution Agreement (DPA) with the U.S. Department of Justice (DOJ) to resolve a criminal charge regarding defendant Boeing's conspiracy to defraud the Federal Aviation Administration's Aircraft Evaluation Group (AEG) in connection with the AEG's evaluation of defendant Boeing's 737 MAX airplane.

9. On January 5, 2024, just days before the DPA was to expire, a Boeing 737-MAX 9 aircraft, being operated by Alaska Airlines, suffered a loss of its left mid exit door, due to multiple system failures in the aircraft designed, manufactured and sold by defendant Boeing.

10. The DOJ determined that defendant Boeing had breached the DPA by failing to sufficiently design, implement and enforce a compliance and ethics program, including failing to

FILED DATE: 8/13/2025 9:15 PM   2025L010250

sufficiently integrate its ethics and compliance program with its safety and quality program as necessary to prevent and detect violations of U.S. fraud laws throughout its operations.

11. The DOJ then reinstated its criminal prosecution of defendant Boeing and, on May 29, 2025, entered into a Non Prosecution Agreement with defendant Boeing pursuant to which defendant Boeing agreed, among other agreements, to pay a monetary criminal penalty, pay compensation to families of victims of the MAX 8 crashes in Indonesia and Ethiopia, and appoint an Independent Compliance Consultant to assess defendant Boeing's progress regarding its remediation and implementation of the compliance measures.

12. Upon information and belief, the crash of Jeju Air flight 7C 2216 discussed below may arise from a violation by defendant Boeing of the NPA.

13. On December 29, 2024, the accident aircraft was being operated by Jeju Air as flight 7C 2216 from Suvarnabhumi airport near Bangkok, Thailand to Muan International Airport in Muan County, South Korea.

14. On said date and time, while attempting to land on runway 1, the accident aircraft suffered a failure of one or both engines and the flight crew of the accident aircraft attempted to perform a go around to land in the opposite direction on runway 19.

15. While attempting to land on runway 19 and as the direct and proximate result of one or more of defendant Boeing's negligent acts and omissions, both engines suffered a failure; the electrical and hydraulic systems, APU and generators suffered failures; the landing gear of the accident aircraft failed to deploy; no aural or other warning was given as to the failure of the landing gear to deploy; the brakes, autobrakes, thrust reversers, flaps, and spoilers failed to adequately slow the speed of the aircraft; and the rudder of the accident aircraft became inoperable, such that the flight crew was unable to turn the accident aircraft.

16. As a further direct and proximate result of one or more of the defendant Boeing's negligent acts and omissions, the accident aircraft landed with its landing gear up and speed control systems and rudder inoperable and the accident aircraft was unable to stop or turn and violently crashed into an obstacle at the end of the runway and exploded, killing 179 persons on board, including plaintiff's decedent.

17. Plaintiff's decedent left surviving heirs, including plaintiff, for whose benefit this action is brought.

18. Plaintiff and the other heirs of the decedents have suffered a loss of support, loss of net accumulations, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief as the result of the death of plaintiff's decedent.

WHEREFORE, plaintiff Kang Seung Yang, Special Administrator of the Estate of Lee Yun Chae, through her undersigned counsel, prays for the entry of a judgment in her favor and against defendant The Boeing Co. for an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with costs and such other damages as may be allowed by law.

*Floyd Wisner*
Floyd A. Wisner
Attorney for Plaintiff

Floyd A. Wisner
Attorney for Plaintiff
Wisner Law Firm
181 W. Madison St Suite 4700
Chicago, Illinois 60602
Telephone: (312) 262-9434
Attorney ID No. 11151